UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL ANGUIANO GONZALEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV299 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Samuel Gonzales's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because the motion appears to be time-barred, movant will be required to show cause why it should not be summarily dismissed. *See* 28 U.S.C. § 2255 Rule 4.

Movant pled guilty to production of and receipt of child pornography. On February 13, 2014, the Court sentenced him to 600 months' imprisonment. Movant appealed. The Court of Appeals affirmed, issuing its judgment on October 27, 2014. Movant filed the instant motion on February 29, 2016.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

> movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 petitioner therefore has one year and ninety days from the judgment of the appellate court to file a § 2255 motion.

In this case, the statute of limitations expired on January 25, 2016, which is one year and ninety days after October 27, 2014. As a result, movant must show cause why his motion should not be summarily dismissed.

Accordingly,

2

**IT IS HEREBY ORDERED** that, no later than **April 5, 2016**, movant must show cause in writing why his motion to vacate should not be dismissed as untimely.

**IT IS HEREBY ORDERED** that if movant does not comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 8th day of March, 2016.

									_____
									CAROL E. JACKSON
									UNITED STATES DISTRICT JUDGE