UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL ANGUIANO GONZALES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV299 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM

This matter is before the Court on the motion of Samuel Anguiano Gonzales motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the Court finds that the motion is time-barred and movant is not entitled to relief. See 28 U.S.C. § 2255 Rule 4.

Movant pled guilty to production of and receipt of child pornography. On February 13, 2014, the Court sentenced him to 600 months' imprisonment. Movant appealed. The Court of Appeals affirmed, issuing its judgment on October 27, 2014. *United States v. Gonzales*, No. 14-1510 (8th Cir. 2014) (per curiam). Movant filed the instant motion on February 29, 2016.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 petitioner therefore has one year and ninety days from the judgment of the appellate court to file a § 2255 motion.

In this case, the statute of limitations expired on January 25, 2016, which is one year and ninety days after October 27, 2014. Thus, the motion is time-barred and must be dismissed unless circumstances warranting equitable tolling are present.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a movant can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631,

649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50.

In support of his claim to equitable tolling, movant states that his attorney miscalculated the statute of limitations. According to movant, defense counsel calculated the limitations period from the date of the appellate court's mandate instead of from the date of the judgment. He also claims that his attorney was delayed in obtaining a "certain relevant document contained in [his] criminal file." Movant does not identify the document nor does he state how it was "relevant."

Ineffective assistance of counsel "generally does not warrant equitable tolling." *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) *abrogated on other grounds by Gonzalez v. Thaler*, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012); *see Walker v. Norris*, 436 F.3d 1026, 1032–33 (attorney's lack of knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (attorneys' statement that "no other court would hear her case"); *Beery v. Ault*, 312 F.3d 948, 951–52 (8th Cir.2002) (attorney's false representations about petition, which did not prevent timely filing); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (counsel's confusion about applicable statute of limitations). "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F.3d at 463.

In this case, movant has not shown the type of extraordinary circumstances that warrant equitable tolling. Therefore, his motion will be denied.

A separate judgment will be filed with this Memorandum.

Dated this 30th day of March, 2016.

                                           CAROL E. JACKSON
                                           UNITED STATES DISTRICT JUDGE